## In the Court of Common Pleas of Luzerne County.

## JONES v. THE DELAWARE AND HUDSON CANAL COMPANY.

1. Where judgment has been entered by a justice against a defendant who was in default, but who, within twenty days entered bail for an appeal which he neglected to bring into court, certiorari will not avail to set aside an execution subsequently issued, even though the service of the summons be shown by the record to have been defective. Taking the appeal amounts to a recognition that the case was regularly before the justice, and is a waiver of the defect which otherwise would have been fatal.

2. An agent may appear before a justice and take an appeal. The justice is the judge of the agent's authority, which, it must be presumed, was satisfactorily shown.

Opinion delivered March 19, 1874, by

HARDING, P. J.    The summons in this case issued March 25, 1872, returnable April 1 following. A sworn service is endorsed thereon as follows: ''Served March 27, 1872, on the within named defendants, by leaving a copy of the original summons at their office in Scranton.''

The defendants were in default on the day of return. The justice, however, proceeded to hear the plaintiff's "proofs and allegations," and thereupon entered judgment in his favor for the amount of his claim. Within twenty days next ensuing, the defendants, or some one for them, entered bail for an appeal. As our terms are arranged, this appeal need not have been filed until the third Monday of October, 1872, that being the first day of the term next succeeding the taking of the appeal. The defendants, however, for reasons which are not material in this connection, neglected to bring their appeal into court. Subsequently the plaintiff issued execution to collect his judgment. A few days afterwards the execution was arrested by a certiorari from this court.

The exception to the record of the justice is, "that the service of the summons was insufficient in law, inasmuch as it does not show that any person whatever was served, or notified of the existence of the summons.'' That there was no legal service of the summons cannot be disputed; but the defendants, by appearing and entering bail for an appeal within the statutory limitation, treated the case as being regularly before the justice, and thus waived the defect which otherwise would have been fatal.

It is further objected that the record does not show that the party who took the appeal was an agent of the defendants, or that he was authorized to act for them in this or any other particular. A party may appear before a justice as an agent, and the justice is the judge of the authority of the agent to represent the principal. Barker v. Chandler, 5 H. 48.

The defendants here had the benefit of the delay produced by taking the appeal. As we have seen, they failed altogether to bring their appeal into court; and, six months afterwards, when the plaintiff took steps to enforce the collection of his judgment, they seek by certiorari to avail themselves of a defect which they had previously waived. Their writ comes too late; the proceedings are affirmed.